GARRISON, Judge.
Plaintiff, Wallace Rubin, brought this action against the defendants, New Orleans Surgicare, Inc. and its parent company, Medical Care International, Inc., alleging that the defendants breached a lease between the parties. ■” The defendant, New Orleans Surgicare, Inc. had agreed to lease one floor of a four story medical building to be constructed by plaintiff on property purchased by him and located on Caronde- *72 let Street in New Orleans. In this lawsuit, the plaintiff reque'sted that he be awarded damages for breach of the lease and that the trial judge order specific performance by the defendants of their obligations under the lease.
The lease agreement dated October 1, 1984 includes a construction rider in which the plaintiff agreed to complete the building and have all systems therein fully operational by January 1, 1985. Also in the construction rider is a provision in which the tenant agreed to furnish complete information regarding its program and space planning requirements for tenant improvements to the landlord’s architect by August 1, 1984. The lease agreement specified that the construction rider “is made a part hereof for all purposes as though set forth in full herein and shall prevail over the provisions of this article when they are in conflict.”
In a.letter dated January 29, 1986, plaintiff’s counsel requested that the defendants provide plaintiff with a copy of their plans and specifications as soon as possible. The president of Medical Care International responded to that letter in a letter dated January 31, 1986 which stated the president’s belief that the plaintiff had been notified many months earlier that the defendants decided not to develop a surgical center in the plaintiff’s proposed building. Plaintiff subsequently filed this action against the defendants for specific performance of the lease and damages.
After trial on the merits, the trial judge rendered judgment in favor of the plaintiff and against the defendants adjudging the defendants to have breached the contract dated October 1, 1984. However, the trial judge dismissed all other demands of the plaintiff including his demand for damages. Plaintiff now appeals the trial court judgment arguing that the trial court erred in failing to award him damages. The defendants answered this appeal arguing that in the event that this colirt reverses the trial court judgment as to damages, the portion of the judgment adjudging defendants to have breached a contract of lease between the parties should also be reversed.
In his reasons for judgment, the trial judge stated that, in his opinion, the failure of the defendants to provide the plaintiff with plans and specifications as required in the lease constituted a breach of that contract. A reading of the lease agreement supports the trial judge’s conclusion on this issue.
In the section of the lease entitled “Terms”, in paragraph 2(a), the following language appears:
“... If Landlord shall be unable to complete all construction required of Landlord hereunder and the Leased Premises are not completed and ready for occupancy by Tenant by January 1, 1985 for any reason, and provided Tenant is not responsible for such delay, the rent reserved and covenanted to be paid herein shall not commence until all Tenant Improvements have been completed and the Leased Premises are available for occupancy, and the term of this Lease will be extended for a period of time equal to the period of such delay in availability. No such failure to make the Leased Premises available on the date of commencement of the term shall affect the validity of this Lease or the rights of the parties hereunder, or subject Landlord to liability of any nature ...”
Therefore, the fact that the plaintiff did not complete the building in question by January 1, 1985 did not relieve the defendants of their obligations under the lease.
On the issue of damages, the trial judge reasoned that plaintiff is not entitled to accelerated rental payments from defendants for the entire term of the lease because the lease stipulates that rental payments are not due until the premises are available for occupancy. Furthermore, he noted that the construction rider to the lease agreement states that if the completion of the building is delayed by the tenant’s failure to provide plans and specifications according to the terms of the agreement, “the payment of rental thereunder shall be accelerated by the number of days of such delay, but only to the extent such delays have directly caused Landlord to be *73 unable to so complete said work by January 1, 1985.”
By plaintiff’s own admission at trial, construction of the building in question could not have been completed by January 1, 1985 even if the defendants had timely provided the necessary plans and specifications. (See Tr. 102-103). In fact, this building was never constructed. Therefore, the trial judge correctly concluded that the plaintiff is not entitled to accelerated rental payments from defendants for the full term of the lease.
Finally, the trial judge stated that the contract between these parties did not provide for general damages in the event of a breach thereof. He also stated that “specific performance would be an impossibility at this juncture.” A review of the record and exhibits in this case supports these conclusions of the trial judge.
Thus, for the reasons stated above, the trial court judgment is affirmed.
AFFIRMED.